IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. PRECIADO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. GAMBOA, Warden,<br><br>　　　　　Respondent. | NO. EDCV 24-1504-KK (AGR)<br><br>**ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED** |

　　Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On the face of the Petition, it appears that the grounds for relief are untimely and unexhausted. The court orders Petitioner to show cause, in writing, on or before **March 24, 2025**, why the court should not recommend dismissal of the Petition.

# I.

# **PROCEDURAL HISTORY**

The following procedural history is taken from available state court records. *See* Fed. R. Evid. 201; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).

The Petition challenges a judgment in the Superior Court of San Bernardino County in Case No. FWV1301819. (Petition, Dkt. No. 1 at 8-9.)[1] A jury found Petitioner guilty of three counts of forcible lewd act upon child, in violation of Cal. Penal Code § 288(b)(1). *See People v. Preciado*, 2016 WL 878327, *1 (2016).) On February 6, 2015, Petitioner was sentenced to an aggregate term of 30 years to life.[2] (*Id*.; Petition, Dkt. No. 1 at 9.)

On March 8, 2016, the California Court of Appeal affirmed the judgment in an unpublished decision in case no. E062897. *Preciado*, 2016 WL 878327, *1. According to the online database, Petitioner did not file a petition for review or any state habeas petition before the California Supreme Court.

Petitioner constructively filed a Petition for Writ of Habeas Corpus in this court on July 3, 2024. (Petition, Dkt. No. 1 at 21.)[3] The Petition alleges various grounds for relief, including misapplications of California sentencing laws, and

---

[1] All citations are to the page numbers assigned by CM/ECF in the header of the document.

[2] The trial court sentenced Petitioner to the upper term of 10 years on each count and made the sentences consecutive under Cal. Penal Code § 667.6.

[3] The Petition was signed on July 3, 2024. (Petition, Dkt. No. 1 at 24.) The court gives Petitioner the benefit of the earlier date on the signature page.

2

seeks a reduction in what Petitioner believes is an illegal sentence. (*Id*. at 8-19.) All of the grounds for relief are wholly unexhausted in that they have not been presented to the California Supreme Court.

## II.

## DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to this action, contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The statute of limitations applies to each claim on an individual basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

### 1. The Date on Which Conviction Became Final

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review.

Petitioner was sentenced and judgment was entered no later than February 6, 2015. The California Court of Appeal affirmed the judgment on March 8, 2016. *People v. Preciado*, 2016 WL 878327, *1 (2016). Petitioner did not file a petition for review before the California Supreme Court. Therefore, his conviction became

final 40 days later, on April 18, 2016. *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005).

The AEDPA statute of limitations period expired one year later, on April 18, 2017. Petitioner constructively filed this Petition no earlier than July 3, 2023, over six years after the statute of limitations had run. (Petition, Dkt. No. 1 at 21.) Absent a showing that the accrual date was delayed or the limitations period was tolled, the Petition is untimely.

### 2. Delayed Accrual– § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the limitations period starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The "'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

The record does not contain any basis for delayed accrual on a date after Petitioner's conviction and sentence became final. The Petition remains untimely.

### 3. Statutory Tolling

Generally, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008). However, once the limitation period has

expired, later-filed state habeas petitions do not toll the limitation period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

According to the online California appellate database, Petitioner has not filed any state habeas petitions and is not entitled to statutory tolling. The Petition is untimely unless Petitioner can demonstrate that he is entitled to equitable tolling.

### 4. Equitable Tolling

A petitioner who files a federal habeas petition after expiration of the one-year statute of limitations may be entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. (citation omitted). The diligence required for equitable tolling is "'reasonable diligence'" and not maximum feasible diligence. *Id.* at 653 (citation omitted). The extraordinary circumstances must be the cause of the untimeliness. *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061(9th Cir. 2010). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

The record does not disclose any basis for equitable tolling. Absent a basis for equitable tolling, the Petition remains untimely.

**B. Exhaustion**

A federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies. *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).

A habeas petition brought by a person in state custody cannot be granted "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust sua sponte. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992.) Importantly, Petitioner bears the burden of demonstrating that he has exhausted available state remedies. *See Rollins v. Superior Court of Los Angeles*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010); *see also Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972).

According to the online database, Petitioner did not file a petition for review or any state habeas petition before the California Supreme Court. The Petition does not indicate that Petitioner ever filed a habeas petition before the California Supreme Court raising the same grounds for relief that he raises in the Petition.

Thus, the Petition appears to be wholly unexhausted and subject to dismissal on that basis.  See *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

### III.

### **ORDER**

The court orders Petitioner to show cause, on or before **March 24, 2025**, why the court should not recommend dismissal of the Petition for Writ of Habeas Corpus with prejudice as barred by the statute of limitations.  If Petitioner does not timely respond to this Order to Show Cause, the court will recommend that the District Court dismiss the Petition with prejudice.

DATED:  February 19, 2025

_____
ALICIA G. ROSENBERG
United States Magistrate Judge