UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. PRECIADO, | Case No. 5:24-cv-1504-SRM-AGR |
| Petitioner, | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1]** |
| v. | |
| M. GAMBOA, | |
| Respondent. | |

**I.**

**PROCEDURAL HISTORY**

Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 (Petition, Dkt. 1).

On February 19, 2025, the Magistrate Judge issued an Order to Show Cause requiring Petitioner to show cause, in writing, on or before March 24, 2025, why the Petition for Writ of Habeas Corpus should not be dismissed with prejudice as barred by the statute of limitations (Dkt. 8). Petitioner was warned that if he failed to file a timely response to the order to show cause, the Petition for Writ of Habeas Corpus may be dismissed with prejudice. *Id.* at 7.

Petitioner did not file a response to the order to show cause or request an extension of time to do so. On May 12, 2025, Petitioner filed a response to the order reassigning the matter to this Court ("Response") (Dkt. 11). Accordingly, the Petition is due to be dismissed as barred by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## II.
## SUMMARY OF PROCEEDINGS

The following procedural history is taken from available state court records. *See* Fed. R. Evid. 201; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).

The Petition challenges a judgment in the Superior Court of San Bernardino County in Case No. FWV1301819 (Petition at 8-9).[1] A jury found Petitioner guilty of three counts of forcible lewd acts upon a child in violation of Cal. Penal Code § 288(b)(1). *See People v. Preciado*, Case No. EO62897, 2016 WL 878327, at *1 (Cal. Ct. App. Mar. 8, 2016). On February 6, 2015, Petitioner was sentenced to an aggregate term of 30 years.[2] *Id.*

On March 8, 2016, the California Court of Appeal affirmed the judgment. *See Preciado*, 2016 WL 878327, at *1. According to the California Appellate Courts Case Information System, Petitioner did not file a petition for review or any state habeas petition before the California Supreme Court. *See* California Appellate Courts Case Information System, *available at* https://appellatecases.courtinfo.ca.gov/. Nor does the Petition reflect such action (Petition).

---

[1] All citations are to the page numbers assigned by CM/ECF in the header of the document.

[2] The trial court sentenced Petitioner to the upper term of 10 years on each count and made the sentences consecutive under Cal. Penal Code § 667.6. *See Preciado*, 2016 WL 878327, at *1.

2

Petitioner constructively filed a Petition for Writ of Habeas Corpus in this court on July 3, 2024 (Petition at 21).[3] The Petition alleges various grounds for relief, including misapplications of California sentencing laws, and seeks a reduction in what Petitioner believes is an illegal sentence. *Id.* at 8-19. All of the grounds for relief are wholly unexhausted in that they have not been presented to the California Supreme Court.

### III.
### DISCUSSION

#### A. Timeliness

The AEDPA, which applies to this action, contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. *See* 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The statute of limitations applies to each claim on an individual basis. *See Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

#### 1. The Date on Which Conviction Became Final

Under 28 U.S.C. § 2244(d)(1)(A), the limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review.

Petitioner was sentenced and judgment was entered no later than February 6, 2015. *See Preciado*, 2016 WL 878327, at *1 The California Court of Appeal affirmed the judgment on March 8, 2016. *Id.* Petitioner did not file a petition for review before the California Supreme Court. Therefore, his conviction became

---

[3] The Petition was signed on July 3, 2024 (Petition at 21, 24). The Court gives Petitioner the benefit of the earlier date on the signature page. *See, e.g.*, *Robinson v. Lewis*, 795 F.3d 926, 933 n.6 (9th Cir. 2015) ("Because [petitioner] was a *pro se*, incarcerated petitioner, the 'mailbox rule' applies, meaning that his petition is deemed filed on the date of its submission to the prison authorities for mailing . . . . Because the dates found by the magistrate judge are not disputed, we rely on the dates found by the magistrate judge as the operative ones.").

final 40 days later, on April 18, 2016. *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005).

The AEDPA statute of limitations period expired one year later, on April 18, 2017. Petitioner constructively filed this Petition no earlier than July 3, 2024, over six years after the statute of limitations had run (Petition at 21). Absent a showing that the accrual date was delayed or the limitations period was tolled, the Petition is untimely.

### 2.     Delayed Accrual – § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the limitations period starts running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

The record does not contain any basis for delayed accrual on a date after Petitioner's conviction and sentence became final. The Petition remains untimely.

### 3.     Statutory Tolling

Generally, the statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008). However, once the limitation period has expired, later-filed state habeas petitions do not toll the limitation period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

As Petitioner has not so indicated and a search of the California Appellate Courts Case Information System supports that Petitioner has not filed any state habeas petitions, Petitioner, therefore, is not entitled to statutory tolling. Thus, the Petition is untimely unless Petitioner can demonstrate that he is entitled to equitable tolling.

### 4. Equitable Tolling

A petitioner who files a federal habeas petition after expiration of the one-year statute of limitations may be entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks and citation omitted). The diligence required for equitable tolling is "reasonable diligence" and not maximum feasible diligence. *Id.* at 653 (citation omitted). The extraordinary circumstances must be the cause of the untimeliness. *See Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

The record does not disclose any basis for equitable tolling. Accordingly, the Petition is untimely.

### B. Exhaustion

A federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted state remedies. *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).

A habeas petition brought by a person in state custody cannot be granted "unless it appears that–(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). Importantly, Petitioner bears the burden of demonstrating that he has

exhausted available state remedies. *See Rollins v. Superior Court of Los Angeles*, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010); *see also Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (stating petitioner may renew petition in district court if petitioner is able to demonstrate satisfaction of the exhaustion requirement).

Here, neither the California Appellate Courts Case Information System nor the Petition indicate that Petitioner has filed a petition for review or any state habeas petition before the California Supreme Court so that the same grounds for relief would have been raised as those he asserts in the Petition. Thus, the Petition appears to be wholly unexhausted. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## IV.
## ORDER

IT IS THEREFORE **ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **dismissed with prejudice** as barred by the statute of limitations.[4]

DATED: June 23, 2025

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

---

[4] Petitioner's response indicates that he has filed a petition for resentencing in the Superior Court pursuant to Cal. Penal Code § 1172.1 (Dkt. 11). This Order is without prejudice to his state court petition.